IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CALEB CORROTHERS**                                      **PETITIONER**

V.                                            **NO. 3:25-CV-287-DMB**

**BURL CAIN, Commissioner,
Mississippi Department of
Corrections; and LYNN FITCH,
Attorney General of the State of
Mississippi**                                              **RESPONDENTS**

## SCHEDULING ORDER

On October 31, 2025, Caleb Corrothers filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi.[1] Because the Court determines that the respondents should answer the petition:

      1.     The respondents must file an answer or other responsive pleading to the petitioner's federal habeas corpus petition within ninety days of the date of this order. The answer or responsive pleading must conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and Rule 12 of the Federal Rules of Civil Procedure.

      2.     The respondents must clearly and directly respond to the issue of whether the petitioner has exhausted available state remedies with regard to each of the claims raised in the petitioner's pleadings. If the respondents deny available state remedies have been exhausted as to any of the petitioner's claims, the respondents must explain, in detail, the state remedies still available to the petitioner with regard to each unexhausted claim. If the respondents wish to assert the defense that the petitioner has procedurally defaulted on any claim for relief in the petition, the

---

[1] Doc. #9.

respondents must explicitly assert such defense and identify with specificity which of the petitioner's claims they contend are procedurally barred from consideration by this Court.

3. Within sixty days of the date the respondents serve the petitioner's counsel with a copy of their answer or other responsive pleading, the petitioner must file with the Clerk of the Court and serve on the respondents' counsel of record any reply he wishes to make to the answer or responsive pleading.

4. Unless otherwise modified by the Court, the petitioner must file and serve, not later than ninety days after service of the answer or other responsive pleading, a memorandum of law in support of his petition. The respondents must file a responsive memorandum within ninety days of service of the petitioner's memorandum. The petitioner may serve a reply memorandum within sixty days of service of the respondents' memorandum.

5. Within thirty days of the date the respondents file an answer or other responsive pleading in this case, the respondents must submit to the Clerk of the Court true and correct copies of all pertinent records from the petitioner's state court proceedings. Such records must be submitted in both conventional and electronic formats.

6. Any party seeking an extension of any deadline specified above must file a written motion requesting such extension **before** the expiration of such deadline and must state in detail why that party, despite the exercise of due diligence, will be unable to comply with such deadline.

**SO ORDERED**, this 3rd day of November, 2025.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**